Dear President Duncan,
The Attorney General has received your request for an opinion wherein you ask, in effect, the following question:
May the State Board of Barber Examiners waive any of the requirementsfound in 59 O.S. 89.2 (1977)?
Title 59 O.S. 89.2 (1977) states as follows:
 "The State Board of Barber Examiners shall admit any applicant to the regular examination for license to practice the trade of a registered barber instructor who is at least twenty-four (24) years of age, a high school graduate, or equivalent, has practiced as a registered barber for a period of at least five (5) years in this state, prior to application, and who has successfully completed a barber instructors course of not less than two hundred fifty (250) hours in a barber college offering such course which has been recognized by said Board as a properly appointed and conducted barber college. An applicant shall make application for taking the examination and state that he is possessed of good moral character and temperate habits and shall so verify such statement by oath upon forms provided by said Board, accompanied by a deposit of Ten Dollars ($10.00). A registered barber applicant for certificate as a registered barber instructor who fails to pass the examination conducted by the Board must study the barber instructors course for an additional fifty (50) hours in a barber school before he is again entitled to take the examination for a registered barber instructor."
It is clear that the aforegoing statute sets out the minimum requirements prerequisite to an applicant being given a regular examination for license to practice the trade of a registered barber instructor. A review of the statutes pertaining to the regulation and control of Barbers, 59 O.S. 61[59-61] et seq. (1971), as amended, reveals no provision which would allow the Board to waive any part of 59 O.S. 89.2 (1978). If the wording of a provision of a statute is plain, clear and unambiguous, its evident meaning must be accepted. McVicker v. Board of County Commissioners of Caddo County, 442 P.2d 297 (Okla. 1968).
It is, therefore, the opinion of the Attorney General that yourquestion be answered in the negative. The State Board of Barber Examinersdoes not have the power or authority to waive any of the requirementsfound in 59 O.S. 89.2 (1977).
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
DUANE N. RASMUSSEN, ASSISTANT ATTORNEY GENERAL